■ KIRK RIXNER, JR., an Infant, by His Mother and Natural Guardian, VALENCIA HARRINGTON, et al., Plaintiffs, v FRANK

A. VITELLI et al., Defendants and Third-Party Plaintiffs-Respondents. BARBARA WELLS, Also Known as BARBARA GARRISON, et al., Third-Party Defendants-Appellants. [655 NYS2d 522] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered February 8, 1996, which, in an action to recover for lead paint injuries, denied third-party defendants' motion for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.

Third-party defendants, owners of premises alleged to be a place where the infant plaintiff resided before moving to third-party plaintiffs' premises, moved for summary judgment primarily upon the deposition testimony of the infant plaintiff's mother that the child never resided at third-party defendants' premises, that when she moved to New York from another State in August 1989, she resided with a cousin for one or two days at third-party defendants' premises, that the child did not join her in New York until September 1989, and that the first and only place the child resided, while in New York, was at the premises owned by third-party plaintiffs. However, third-party plaintiffs produced a tenancy application, dated October 1989, purportedly filled out by the infant's father and indicating that he was then residing at third-party defendants' premises. This document, along with mother's deposition testimony, indicating that another relative resided at third-party defendants' premises, raises an issue of fact as to whether the child was present at third-party defendants' premises. The permanent residence of the child is not dispositive of the issue of whether she might have ingested lead paint at a transient residence. Additional evidence bearing on the infant's residence adduced in further proceedings could warrant reconsideration of the issue. Concur—Rosenberger, J. P., Wallach, Nardelli and Rubin, JJ.